NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| D'ANDREA CONSTRUCTION COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER 576/UH7317100 and ASPEN INSURANCE UK LIMITED <br><br> Plaintiffs, <br><br> v. <br><br> OLD REPUBLIC GENERAL INSURANCE CORP., PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY a/k/a AND d/b/a PENN NATIONAL INSURANCE, 21ST CENTURY PINNACLE INSURANCE CO., f/k/a AMERICAN INTERNATIONAL INSURANCE COMPANY OF NEW JERSEY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and JOHN DOE INSURANCE CO. <br><br> Defendants. | Civil Action No. 2:13-00997 (ES) (JAD) <br><br> REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND |

**JOSEPH A. DICKSON, U.S.M.J.**

      This matter comes before the Court upon Plaintiffs' motion to remand this matter to the

Superior Court of New Jersey, Bergen County, Law Division, pursuant to 28 U.S.C. § 1447.

(Motion to Remand, ECF No. 26).  The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to

this Court for a Report and Recommendation.  Pursuant to Federal Rule of Civil Procedure 78, the

Court did not hear oral argument.  Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiffs' motion be **GRANTED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs, D'Andrea Construction Company, Certain Underwriters at Lloyd's of London subscribing to Policy Number 576/UH7317100, and Aspen Insurance UK Limited (collectively, "Plaintiffs"), are seeking a declaratory judgment arising out of an underlying personal injury action entitled Craig Crumley v. D'Andrea Construction Co., Inc. and Paul Monitzer, Sr. (Complaint, ECF No. 1-1).  The underlying personal injury action was settled on January 19, 2012 for the total sum of $5,800,000.00. (Id.)  Plaintiffs, Certain Underwriters at Lloyd's of London and Aspen Insurance UK Limited, thereafter contributed $3,862,879.01 on behalf of Plaintiff, D'Andrea Construction Company ("D'Andrea"). (Id.) In the Complaint, Plaintiffs allege that Defendants, Old Republic General Insurance Corp., Pennsylvania National Mutual Casualty Insurance Company a/k/a and d/b/a Penn National Insurance, and 21st Century Pinnacle Insurance Co. f/k/a American International Insurance Company of New Jersey (collectively, "Defendants") failed to acknowledge their respective defense and indemnity obligations, and neglected or refused to participate in the defense and resolution of the underlying action. (Id.) Specifically, Plaintiffs now seek a declaratory judgment finding that Defendants were required to provide a defense and indemnity with respect to the underlying personal injury action and participate in the settlement pursuant to the terms of their respective insurance policies. (Id.)  Plaintiffs also allege that Defendants are liable for breach of contract for their refusal to honor their coverage obligations. (Id.)  Plaintiffs believe they are entitled to recover from Defendants the amount paid in settlement of the underlying action, and any other amounts incurred in connection therewith. (Id.)

On or about February 14, 2013, Defendant 21st Century Pinnacle Insurance Company f/k/a American International Insurance Company of New Jersey ("21st Century") removed the case from the Superior Court of New Jersey, Bergen County to this Court based upon the belief that this Court has original jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1).

On or about May 9, 2014, Plaintiffs filed a Motion to Remand this action back to the Superior Court of New Jersey, on the basis that this Court does not have subject matter jurisdiction over the case. (Motion to Remand, ECF No. 26). Specifically, Plaintiffs argue that Defendants are unable to establish both complete diversity of citizenship and the amount in controversy required for federal jurisdiction pursuant to 28 U.S.C. § 1332. (Pls. Br., ECF No. 26-5, at 7). Plaintiffs argue that as a result of the unique structure of Underwriters, this Court should consider each individual Name[1] for purposes of determining whether the statutory requirements of complete diversity and amount in controversy are met. (Id.)

On or about June 23, 2014, Defendant, Pennsylvania National Mutual Casualty Insurance Company submitted a Brief in Opposition to Plaintiffs' Motion to Remand. (Def. Br. In Op., ECF No. 32). Defendant argues that this Court does have subject matter jurisdiction because for purposes of diversity jurisdiction, the Court should only consider the citizenship and amount in controversy of the Underwriters, and not the individual Names. (Id. at 8).

On or about July 15, 2014, Plaintiffs filed an informal reply brief. (Pls. Rep., ECF No. 37). Plaintiffs argue that the Third Circuit's decision in Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co., 177 F.3d 210, 221-22 (3d Cir. 1999), supports its position that this Court should take into

---

[1] The insurance policies underwritten at Lloyd's are underwritten by members of Lloyd's, referred to as "Names." Lowsley-Williams v. N. River Ins. Co., 884 F. Supp. 166, 167 (D.N.J. 1995).

consideration the citizenship of all individual Names constituting the Lloyds' syndicates named in the Complaint. (Id. at 2). As such, Plaintiffs contend that complete diversity of citizenship does not exist and that the amount in controversy is not met for each Name, for purposes of federal jurisdiction. (Id.)

## II.    LEGAL STANDARD – REMOVAL AND REMAND.

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. In turn, a party's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

4

### III.   ANALYSIS

#### A. Complete Diversity

As a threshold matter, this Court must determine whether complete diversity of citizenship exists among the parties to allow the Court to exercise subject matter jurisdiction, pursuant to 28 U.S.C. § 1332. The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend...to Controversies...between Citizens of different States." In Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806), the Supreme Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. Courts have adhered to that statutory interpretation ever since. See Carden v. Arkoma Associates, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990). The current general-diversity statute, permitting federal district court jurisdiction over suits for more than $75,000 "between . . . citizens of different States," 28 U.S.C. § 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 67-68, (1996).

As noted above, Plaintiffs contend that removal was inappropriate and request that this Court remand the matter back to New Jersey state court since complete diversity cannot be established. (Pls. Br., ECF No. 26-5, at 11).   In particular, Plaintiffs argue that diversity jurisdiction should be determined for Lloyd's syndicate by considering the citizenship of all participating Names. (Id. at 12). Therefore, Plaintiffs contend that if any Name is a citizen of any State of which one of the defendants is a citizen, diversity is not complete and Defendant's claim of diversity jurisdiction under section 1332 must fail. (Id.) Based on this reasoning, Plaintiffs allege that Defendant failed to meet the burden of pleading complete diversity, since some of the

Names belonging to Lloyds' syndicates are citizens of Illinois, Pennsylvania, and New York, as are certain of the Defendants, thereby destroying complete diversity[2]. (Id.)

In opposing remand, Defendant argues that diversity jurisdiction should be based on the citizenship of the Underwriters and not the citizenship of the Names. (Def. Br. in Op., ECF No. 32). In particular, Defendant suggests that the Court follow the holding of the Sixth Circuit case Certain Interested Underwriters at Lloyd's v. Layne, 26 F.3d 39 (6th Cir. 1994). (Id. at 8). Upon review, however, the decision in Layne is factually and legally distinguishable from the current litigation. In Layne, after concluding that the Underwriters were agents for undisclosed principals, the court applied Tennessee state law on agency. 26 F.3d 39 at 43. Based on Tennessee law, the court in Layne found the Underwriters, not the Names to be the real parties in interest to the suit since Layne elected to sue the Underwriters, and not the Names. Id. This Court finds Defendant's reliance on Layne not persuasive as the decision in Layne was strongly based on Tennessee state agency law. See Lowsley-Williams v. N. River Ins. Co., 884 F. Supp. 166, 171 (D.N.J. 1995) (finding decision in Layne factually and legally distinguishable); see also K. Bell & Associates, Inc. v. Lloyd's Underwriters, 92 CIV.5249(AJP)(KTD), 1998 WL 274346 (S.D.N.Y. May 26, 1998) (noting that Layne was "based on Tennessee state law as to agency that is not analogous to the law of New York or most other states, for that matter").

---

[2] "The Complaint for Declaratory Judgment alleges that Old Republic has its principal place of business in Illinois; Penn National has its principal place of business in Pennsylvania; 21st Century has its principal place of business in Delaware; and National Union has its principal place of business in New York. (Riddington Cert., ¶ 12). Therefore, if any of the Lloyd's Underwriters who are members of any of the syndicates at issue in the present case are citizens of Illinois, Pennsylvania, Delaware or New York, complete diversity does not exist.

Plaintiffs have confirmed that eleven of the members of Syndicate 609 for the 2007 year of account are citizens of either New York, Illinois, or Pennsylvania. (See Riddington Cert., ¶¶ 13, and 14). As illustrated by the foregoing, the complete diversity of citizenship is completely defeated for purposes of jurisdiction. (Riddington Cert., ¶ 15)." See Pls. Br., ECF No. 26-5, at 8.

Therefore, the question before this Court is whether under the facts of this case, complete diversity requires the Court to consider the citizenship of every Name comprising this particular Lloyd's of London syndicate, or whether it should rather only consider the citizenship of the Underwriters.  In order to determine this, it is necessary to become familiar with the Lloyd's of London structure.  Lloyd's of London and the London Market is considered an unincorporated association under British law, and is comprised of many individual investors, called Names, who may be liable for some portion of a loss.  Howard M. Tollin and Mark Deckman, Lloyd's of London and the Problem with Federal Diversity Jurisdiction, 9 J. Transnat'l L & Pol'y 289, 290 (2000).  The insurance policies underwritten at Lloyd's are underwritten by Names. Id.  Names often form groups called syndicates to improve the efficiency of the underwriting process. Id. Significant to the motion at hand, there is no contractual relationship between a policyholder and a syndicate. Id.  Syndicates do not assume liability or underwrite risks; only Names do. Id. Based on the unique structure of Lloyd's, although Lloyd's syndicates are not corporations or partnerships, in drawing analogies, this Court is inclined to conclude that "a Lloyd's syndicate is analogous to a limited partnership. . . " Lowsley-Williams v. N. River Ins. Co., 884 F. Supp. 166, 170 (D.N.J. 1995). "Syndicates are similar to partnerships in a few particular aspects, as described by the *International Insurance* Court:

> Like membership in a partnership, membership in a Lloyd's syndicate is personal and not transferable and terminates upon the death of the member. Members have unlimited personal liability, although only for each individual's share of the loss. Syndicates are like limited partnerships in that members have no management authority and cannot bind their fellow members or the syndicate."

Lowsley-Williams v. N. River Ins. Co., 884 F. Supp. 166, 171-72 (D.N.J. 1995) (quoting International Ins., 1991 U.S.Dist. LEXIS 12937 at 7–8.)

Therefore, if this Court treats syndicates as partnerships for diversity jurisdiction purposes, under the Supreme Court ruling in <u>Carden</u>, citizenship of an unincorporated entity must be determined by the citizenship of every member. <u>Carden</u>, 495 U.S. at 190, 110 S.Ct. at 1018.

Although not binding on this Court, the Seventh Circuit's analysis in <u>Indiana Gas</u> proves particularly persuasive in this context. The <u>Indiana Gas</u> Court, in concluding that underwriting syndicates have the citizenship of every Name, reasoned:

> Congress may choose to establish special rules for some kinds of associations, as it has done in §1332(c) for corporations, decedents' estates, and insurers named as defendants in direct actions, but when the statute is silent we apply the norm that all unincorporated associations are treated as partnerships.

<u>Indiana Gas Co. v. Home Ins. Co.</u>, 141 F.3d 314, 318 (7th Cir. 1998).

This Court also acknowledges the limits placed on federal jurisdiction and the reluctance of the Courts to extend jurisdictional exceptions. "[T]he presumption in every stage of a cause [is] . . . that it is without the jurisdiction of a [federal] court." <u>Lowsley-Williams v. N. River Ins. Co.</u>, 884 F. Supp. 166, 170 (D.N.J. 1995) (quoting <u>McSparran v. Weist</u>, 402 F.2d 867, 876 (3d Cir.1968), *cert. denied,* 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969). None of the facts or case law cited by Defendant persuades this Court that Syndicates should not be treated like any other unincorporated entity. Therefore, this Court concludes that diversity jurisdiction must be based on the citizenship of all the Names.

This Court is also inclined to agree with Plaintiffs' analysis regarding the Third Circuit's decision in <u>Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co.</u>, 177 F.3d 210, 221-22 (3d Cir. 1999). (<u>See</u> Pls. Rep., ECF No. 37). In <u>Chemical Leaman</u>, the insured had originally sued "Certain Underwriters at Lloyd's, London subscribing to Insurance Policies [specifically enumerated]." 177 F.3d at 216. However, thereafter the parties stipulated to an amended complaint in which only

8

one of the individual underwriters was substituted for "Certain Underwriters." Id. Consequently, the Third Circuit concluded that because the named underwriter was the only underwriter named in the complaint, only his citizenship was relevant to the exercise of diversity jurisdiction. Id. at 223. Therefore, had the complaint named a group of underwriters, as it does in the current case, the Court would have considered the citizenship of all the Names within that particular syndicate. Since the within Complaint has been brought on behalf of "Certain Underwriters at Lloyd's of London subscribing to Policy Number 576/UH7317100," (ECF No. 1-1), the citizenship of all the Names constituting this syndicate should be considered for purposes of complete diversity analysis.

### B. The Parties' Remaining Argument

Because this Court finds that complete diversity does not exist between the parties, it need not consider the parties' additional argument (i.e., whether the amount in controversy is met) since this Court already lacks subject matter jurisdiction.


### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (ECF No. 26), be **GRANTED** and that this matter be remanded to the Superior Court of New Jersey, Bergen County, Law Division.

Joseph A. Dickson, U.S.M.J.


cc: Honorable Esther Salas, U.S.D.J.

9